FULTON GRAIN & MILLING CO. v. ANGLIM.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. SALE ON CREDIT—LIABILITY OF GUARANTOR.
Where one bought oats on credit, agreeing that they would be sold only to a fire department, and all moneys received from it would be paid the seller, the buyer's guarantor was liable, notwithstanding the buyer diverted them to other purposes.

2. SAME—RIGHTS OF GUARANTOR.
Where one bought oats on credit, agreeing that they would be sold only to a fire department, and all moneys received from it would be paid the seller, money received by the buyer from the fire department therefor could not be credited to other accounts between the buyer and seller, to the prejudice of the buyer's guarantor.

3. SAME—CONTRACT—CONSTRUCTION.
One bought oats on credit, agreeing that they would be sold only to a fire department, and all moneys received from it should be paid the seller. Held, the only payments made by the fire department to the buyer, and paid the seller, which were to be credited on this sale, were payments on account of oats sold under this contract.

4. SAME—ACTION AGAINST GUARANTOR—BURDEN OF PROOF.
Where one bought oats on credit, agreeing that they would be sold only to a fire department, and all moneys received from it would be paid the seller, and the seller sued the buyer's guarantor, who pleaded that plaintiff had been paid in full by drafts of the department in favor of the buyer, the burden is on defendant to show that drafts of the department received by plaintiff directly or indirectly were received by him on account of oats sold under the contract.

5. PAYMENT—QUESTION FOR JURY.
On an issue as to whether a check had been paid on account of a certain claim for goods sold, the seller's agent and one of the buyers testified that it had not, against the testimony of a bookkeeper of the buyers that it had. Held, that the issue was for the jury.

Appeal from trial term, Kings county.

Action by the Fulton Grain & Milling Company against John Anglim. From a judgment entered on a directed verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George W. Sickels, for appellant.

Paul Eugene Jones, for respondent.

CULLEN, J.    This action is brought upon a guaranty of payment executed by the defendant to the plaintiff upon an executory agreement for the sale by the plaintiff to the firm of Anglim Bros. of 25,-000 bushels of oats. The agreement provided that the oats were for the use of, and to be sold only to, the Brooklyn fire department. Anglim Bros. agreed to pay for the oats monthly, as delivered, and to apply all moneys received from the Brooklyn fire department to such payment, and that at any time, on demand, they would execute to the plaintiff assignments for any claim they might have against the fire department for the oats so sold. Two defenses were pleaded: First, that a part of the oats were not furnished to the Brooklyn fire department; second, that the plaintiff had been paid in full from drafts of the fire department in favor of Anglim Bros. At the conclusion of the evidence the court directed a verdict for the plaintiff.

While Anglim Bros. agreed that the oats sold under this contract should be sold only to the Brooklyn fire department, this did not create any duty on the part of the plaintiff to see that the oats were so used by that firm. The contract contemplated a delivery to the firm, and at such time the title to the oats would pass to the firm, and the property be beyond the control of the plaintiff. If Anglim Bros. diverted the oats to other purposes than that provided for in the agreement, it was a breach of the contract on their part, which neither relieved them nor the defendant from liability.

As to the defense of payment, it appears that Anglim Bros. turned over to the plaintiff a number of drafts of the fire department in favor of the firm, which, in amount, exceeded the debt due from that firm to the plaintiff. But it also appears that, during the running of the contract in suit, Anglim Bros. made other purchases from, and had another account with, the plaintiff, and also during the same period the firm furnished other goods to the fire department. It is clear that the plaintiff and the firm of Anglim Bros. could not appropriate any moneys received from the fire department, and which under the contract were properly applicable to the payment of this claim, to other accounts, and thus prejudice the defendant. Bank v. Moore, 112 N. Y. 543, 20 N. E. 357; Farrington v. Bank, 31 Barb. 183; Bridenbecker v. Lowell, 32 Barb. 12. But, as we construe the contract between the parties, the only payments by the fire department which were to be appropriated to this debt were payments on account of the goods sold under the contract, not payments on account of other goods sold the department by Anglim Bros. The burden rested on the defendant to show that the drafts of the fire department which the plaintiff either directly or indirectly received were on account of the goods sold under the contract. The draft of $1,444.40 was to

the extent of only $547.58 for oats sold the department. In no event, therefore, was the defendant entitled to credit for more than this sum, but even as to this amount it does not clearly appear that these oats were part of the contract lot. However, it is unnecessary to discuss this question further, as the judgment must be reversed for error regarding another item. The case seems to have been tried hurriedly, and the facts as to this draft, or the goods for which it was paid, may more clearly appear on another trial.

For the defendant, a former bookkeeper of the firm of Anglim Bros. testified to a payment by check of the sum of $1,000 on account of this contract, for which Anglim Bros. were not credited. In answer to this, one of the firm and the plaintiff's agent testified that the payment was not made on account of this claim, but on account of another claim against the firm. The testimony as to the details of this payment is extremely meager. It was made by the check of the firm, but there is not a word in the evidence as to who delivered the check on the part of the firm, or as to what was the conversation or transaction at the time of the delivery. The testimony is simply a bald statement on the part of one witness that the payment was made on the account in suit, and by two other witnesses that it was made on another account. It is urged by the respondent that the bookkeeper took no personal part in the transaction, and that his evidence is either hearsay or merely a conclusion. But nothing of the kind appears in this meager record, and no objection was made to the bookkeeper's testimony. As the record stands before us, there was a plain dispute of fact as to this payment, which should have been submitted to the jury for determination.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.